## Tilton H. McCormick v. John W. Buehler.

1. MORTGAGES—*Assignable—Subject to Equities.*— While a promissory note, if assigned in good faith, and for value, before it comes due, is divested in the hands of the assignee of any equities existing between the maker and the assignor, a mortgage given to secure such a

note is not assignable except in equity, and when assigned is subject to whatever equities existed between the assignor, and the maker of the note which the mortgage is given to secure, at the time of the assignment of such note.

**Bill of Foreclosure.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1896. Reversed and bill dismissed. Opinion filed November 30, 1896.

### STATEMENT OF THE CASE.

This is an appeal by the principal defendant, from a decree of foreclosure entered in the Circuit Court of Cook County. On March 27, 1893, appellant bought the premises in controversy from one William J. Haerther, and thereupon gave his note for $820, secured by a trust deed upon the premises, as part payment therefor. The note was due one year after date, and was drawn to the order of appellant, and by him indorsed and delivered to William J. Haerther. The trust deed was made to Calvin K. Austin, as trustee.

On April 25, 1893, a month after the note was executed, appellant made a payment of $300 thereon to William J. Haerther, which was duly credited on the back of the note. On May 16, 1893, twenty-one days after the first payment, he made another payment of $100, and took Haerther's receipt therefor, and two or three days after this second payment he turned over to Haerther a certificate of deposit upon the Milwaukee Avenue State Bank for the sum of $515, as payment in full of the balance upon the note, together with interest, and interest upon another note.

Appellant did not, at the time of making this last payment, ask for a return of the note or trust deed, and did not obtain a receipt, but relied upon Calvin K. Austin, and the trustee under the trust deed, to get the note for him and release the trust deed. Soon after this last payment, Austin, who had occupied the same office with Haerther, moved out of the office, whereupon appellant commenced efforts to obtain the notes or a receipt in full. Haerther was

hard to find, and kept putting appellant off until September 28th, when he gave appellant a receipt in full on account of the note and interest.

On May 29, 1893, at least ten days after the last payment had been made in full of principal and interest on said note, Haerther executed a collateral note to the Garden City Banking & Trust Company, of which appellee was at that time and still is the cashier, and delivered appellant's note, among others, to the bank as collateral security. Said bank held the collateral until July 20, 1895, when appellee bought it at public sale.

Prior to the sale of this note by the bank, notice was served upon the Garden City Banking & Trust Company that the note had been paid in full, and demand made upon it to surrender the note and trust deed. It is admitted by appellee's solicitors that appellee is entitled in this suit to only such protection as would be afforded to the bank had it retained possession of the securities and filed the bill to foreclose.

On March 16, 1896, about eight months after this purchase by appellee, he instituted foreclosure proceedings, and after a hearing before the master, and upon the overruling of the exceptions to the master's report, a decree of foreclosure was entered, from which decree this appeal is prosecuted.

Newman, Northrup & Levinson, attorneys for appellant.

Goldzier & Rodgers, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

By the common law, choses in action were not assignable, and consequently the purchaser of a chose in action could not enforce the same in an action at law in his own name. He did acquire an equitable right thereto, which a court of equity would enforce, but subject to all equities existing between the assignor and the debtor.

Following this rule, the Supreme Court of this State, in the case of Olds v. Cummings, 31 Ill. 138, held that the assignee of a mortgage takes it subject to the infirmities and defenses to which it was subject in the hands of the assignor. A mortgage is but an incident or accessory to the debt which it is given to secure. If such debt be represented by a promissory note, which is in good faith, for value, assigned before it comes due, the assignee of such note takes it divested of any equities as to the same existing between the maker and the assignor, because what is known as negotiable instruments are not only assignable by virtue of the law merchant, but by the statute of this State; as a mortgage, an accessory or incident to a note is not assignable, the purchaser of a note, when he comes to foreclose the mortgage, although by his purchase, as such incident, it passed to him, may be confronted by and holds the mortgage subject to whatever equities, at the time of the assignment of the note, existed between the maker and the assignor. Such ruling in Olds v. Cummings, has been affirmed in Walker v. Dement, 42 Ill. 272; Sumner v. Waugh, 56 Ill. 531; White v. Sutherland, 64 Ill. 181; Bryant v. Vix, 83 Ill. 11; C., D. & V. Ry. Co. v. Lowenthal, 93 Ill. 433; Foster v. Strong, 5 Ill. App. 223; Towner v. McClelland, 110 Ill. 542.

The rule of this State is in this regard, variant from what it is in almost all the other States of the Union. 15 Am. & Eng. Ency. of Law, 854; Jones on Mortgages, 5th Ed., Sec. 834; Carpenter v. Longan, 16 Wallace, 271.

In most of the States of the Union it is held that a mortgage, being but an incident of the debt, can have no separate existence; that when the debt is paid, the mortgage expires; that the dependent and incidental relation of the mortgage is the controlling consideration, and that thereby the case of a mortgage is taken out of the rule applicable generally to choses in action where no such state of dependence exists; that the principle *accessorium non ducit sequitur principale* applies.

As to the rule now under consideration, that the assignee

of a mortgage takes it subject to all the equities of the mortgagor, there is no distinction between trust deeds and mortgages; each is but an incumbrance, and each is, in common parlance, properly termed a mortgage. Nor is there any distinction between mortgages made to secure notes payable to a particular person, and mortgages made to secure notes payable to bearer or to the order of the payor, and by him indorsed. Randolph on Commercial Paper, Secs. 153, 159; 1 Daniel on Negotiable Instruments, 4th Ed., Sec. 729.

We do not regard the case of Miller v. Larned, 103 Ill. 562, or P. & S. R. R. Co. v. Thompson, 103 Ill. 187, as, so far as this case is concerned, affecting the rule enunciated in Olds v. Cummings, *supra*.

The note, to secure which this mortgage was given, having been paid prior to the assignment of the note by the holder, neither the assignee nor the complainant acquired, as against the mortgagor, any right to or interest in the mortgaged premises.

The decree of the Circuit Court is therefore reversed, and a decree will here be entered dismissing the bill for want of equity.

Reversed, and bill dismissed.