JOHN W. BUEHLER

*v.*

TILTON H. McCORMICK.

*Opinion filed November 8, 1897.*

1. MORTGAGES—*assignee of mortgage takes it subject to equities.* The assignee of a mortgage takes it subject to all equities existing between the mortgagor and mortgagee at the time of the transfer.

2. SAME—*fact that mortgage secures payment of note "to the legal holder" does not make it negotiable.* The fact that a trust deed secures the payment of a promissory note "to the legal holder" thereof, which note was made payable to the maker's order and endorsed by him in blank, does not render the trust deed negotiable so as to except it from the rule that an assignee thereof takes it subject to equities. (*Peoria and Springfield Railroad Co.* v. *Thompson*, 103 Ill. 187, and *Miller* v. *Larned*, id. 562, distinguished.)

3. FORECLOSURE—*payment of note before maturity, without surrender, defeats foreclosure by assignee.* Payment of a mortgage note to the legal holder·before maturity, without endorsement or the surrender of the note and mortgage, while not a defense to an action on the note by a subsequent innocent holder before maturity is a good defense to an action by the latter to foreclose the mortgage.

*McCormick* v. *Buehler*, 67 Ill. App. 73, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

GOLDZIER & RODGERS, for appellant:

A chose in action assignable only in equity must be assigned subject to the equities between the original parties to the contract. But this rule must yield when it appears, from the nature or terms of the contract, that it must have been intended to be assignable free from and unaffected by such equities. *In re Imperial Land Co.* L. R. 11 Eq. 478; *In re Agra Bank*, L. R. 2 Ch. App. 391.

If a mortgage be given to secure a debt evidenced by negotiable paper, then the mortgagor does not owe the debt to the mortgagee personally, but to the legal holder

of such paper, and will be protected in paying such debt only by paying the same to the legal holder of such paper. *Eggert* v. *Beyer*, 62 N. W. Rep. 59.

Where the assignment of the chose in action is made with notice, actual or constructive, to the original payer, he will be debarred from claiming equities against an innocent assignee. *Towner* v. *McClelland*, 110 Ill. 542; *Melendy* v. *Keen*, 89 id. 404.

The assignee will not be subject to any payments or set-offs which occur after the assignment and notice thereof to the assignee. 1 Hilliard on Mortgages, 574; *Palmer* v. *Yates*, 3 Sandf. 137.

A mortgagor who pays the mortgage to the mortgagee after the latter has assigned it, without production of the mortgage or collateral notes, does so at his peril. *Baumgartner* v. *Peterson*, 62 N. W. Rep. 27.

Payment before maturity without surrender and cancellation of the note is no defense against a subsequent innocent holder. Randolph on Com. Paper, 1464; *Grant* v. *Kidwall*, 30 Mo. 455; *Swall* v. *Starke*, 51 Cal. 227; *Mobley* v. *Ryan*, 14 Ill. 51.

NEWMAN, NORTHRUP & LEVINSON, (ELMER E. JACKSON, of counsel,) for appellee:

A mortgage not being a negotiable instrument, the assignee thereof takes it subject to all existing defenses. *Olds* v. *Cummings*, 31 Ill. 188; *Walker* v. *Dement*, 42 id. 277; *Sumner* v. *Waugh*, 56 id. 538; *White* v. *Sutherland*, 64 id. 186; *Bryant* v. *Vix*, 83 id. 14; *Mortgage Co.* v. *Gross*, 93 id. 497; *Railway Co.* v. *Loewenthal*, 93 id. 450; *Foster* v. *Strong*, 5 Ill. App. 227; *Petillon* v. *Noble*, 73 Ill. 569.

This rule applies to trust deeds with the same force as to mortgages. Hurd's Stat. 1895, p. 1055, sec. 12; *Foster* v. *Strong*, 5 Ill. App. 223; *Railway Co.* v. *Loewenthal*, 93 Ill. 450.

The fact that the mortgage was for the benefit of the legal holder of the promissory note therein described does

not affect the application of this rule.　*Foster* v. *Strong*, 5
Ill. App. 223; 1 Randolph on Com. Paper, secs. 153, 159;
1 Daniel on Neg. Inst. (4th ed.) sec. 729, note 1; *McAuliff*
v. *Reuter*, 61 Ill. App. 32.

Mr. Justice Carter delivered the opinion of the court:

The circuit court of Cook county entered a decree in
favor of the complainant to the bill, John W. Buehler,
foreclosing as a mortgage a deed of trust given by the
defendant, Tilton H. McCormick, upon real estate.　The
Appellate Court for the First District has reversed that
decree and dismissed the bill.　The case is here on Bueh-
ler's appeal.

The facts are these:　McCormick being indebted to
William Haerther for the purchase of the real estate, on
March 27, 1893, executed his note for $820, payable to his
own order one year after its date.　He endorsed it in blank
and delivered it to Haerther.　To secure its payment he
also executed his deed of trust upon the property to one
Austin, as trustee, and delivered the same also to Haer-
ther.　Before the note was due, and only about a month
after it was given, McCormick paid Haerther $300, and
Haerther credited it on the back of the note.　About three
weeks later he made another payment of $100 on the note,
for which Haerther gave him a receipt, and a few days
later, by agreement with Haerther, he delivered to him,
Haerther, a certificate of deposit of the Milwaukee Ave-
nue State Bank for $515 in full payment of the balance
of the note, principal and interest.　McCormick did not,
when he made the last payment, take up the note or deed
of trust nor did he ask for a return of the same to him,
but relied upon the trustee, Austin, who had a desk in the
office of Haerther, to release the deed of trust and to re-
turn the same and the note to him, but Austin neglected
the matter and moved out of Haerther's office, whereupon
McCormick sought Haerther and endeavored to obtain
his note and deed of trust.　Whether Haerther avoided

him or not, he was unable to get any satisfactory response until in the latter part of September, when he obtained from Haerther a receipt in full for the amount of the note and interest. About two months after the note was executed and some days after it had been fully paid in the manner before stated, Haerther, being indebted to the Garden City Banking and Trust Company, of which appellant, Buehler, was the cashier, gave the bank his note therefor, and delivered, among others, the note in question to the bank as collateral security. Some two months later, about July 20, 1895, the bank sold the note in controversy under the pledge, and appellant, Buehler, bought it at the public sale. Before the sale, notice was served upon the bank that the note had been paid in full, and demand was made for the surrender of the note and deed of trust.

Appellant contends that it does not appear that Haerther held the note when it was paid, but as it was endorsed and delivered to him by McCormick in payment for the property purchased of him, and he did not transfer it to the bank until after it was paid, and there being no evidence that any one else held the note in the meantime, it must be presumed that he was the legal holder of it.

It is not contended that appellant acquired any rights, as against appellee, superior to those possessed by the bank before it sold and delivered the note to him, Buehler. But counsel for appellant, while recognizing the common law rule as applied and followed by this court in *Olds* v. *Cummings*, 31 Ill. 188, and many subsequent cases down to *McAuliffe* v. *Reuter*, 166 Ill. 491, that the assignee of a mortgage takes it subject to all equities existing between the assignor and the mortgagor, insist that the rule cannot be applied in this case,—to use their language: "First, because, by the tenor of the instruments, the maker is estopped from availing himself of such equities; second, because no assignment, equitable or otherwise, of the mortgage in question is involved; third, because the neg-

ligence of appellee, which enabled the perpetration of a fraud upon appellant, deprives him of the right to urge his equities as against appellant." And in this connection it is urged, that as the note was made payable to the order of the maker and endorsed by him in blank and delivered to Haerther, it thereafter passed by mere delivery, the same as if it had been made payable to bearer, and that the trust deed recites that the maker "is justly indebted unto the legal holder of the principal promissory note hereinafter described, in the principal sum of $820, being part of the purchase money for the premises thereby conveyed," etc., and describing the note; and the point is made that in such a case the equities of the maker against an innocent holder cannot prevail, even although the instrument is not assignable either at common law or by statute.

It is, of course, apparent that McCormick would have had a complete defense to any suit which Haerther might have brought, either upon the note or to foreclose the mortgage. It is also apparent that as the note passed from Haerther to the bank before its maturity and without notice that it had been paid, the bank could recover from the maker the amount appearing to be unpaid and due upon it, in an action on the note. It is clear, also, that unless the mortgagor has estopped himself, or the case falls within some of the exceptions which have been created to the general rule that the assignee of a mortgage takes it subject to all of the equities existing between the mortgagor and mortgagee, the defense that McCormick paid the debt in full to the legal holder of the note, even before its maturity, must be held a valid one. The point made by appellant that Haerther was not mentioned, either in the note or mortgage, we regard as immaterial under the facts. (See *Shippen* v. *Whittier*, 117 Ill. 282; *McAuliffe* v. *Reuter, supra.*) When McCormick endorsed the note in blank which he had made payable to himself, and delivered it, with the deed of trust, to Haerther,

Haerther became the legal holder, and both instruments were, of course, while in his hands, subject to the defense of payment, but as the note passed by delivery as if payable to bearer, the bank took it, before its maturity, free from the defense of payment. He was, in fact, an assignee of the note, and, by virtue of that fact, an assignee of the mortgage also, though as to the mortgage only an equitable assignee. (1 Randolph on Com. Paper, pp. 231, 243; 1 Daniel on Neg. Inst. sec. 729.) Because the mortgage secured the payment of the note to the legal holder instead of to the payee by name, cannot, upon any legal principle which we are aware of, make any difference. It was no more a contract with successive legal holders taking by mere delivery, than it would have been in the other case with successive endorsees. In both cases the note secured would be negotiable and would pass free from all equities between the parties; but the legal and equitable character of the mortgage remained the same, and when the mortgagor paid the debt to Haerther, who was the legal holder of the note, the effect was the same as it would have been if Haerther had been named as payee.

We cannot hold that by the terms of the instrument all the attributes of negotiable paper were imparted to this deed of trust. Nor does the case fall within the principles announced in either of the cases cited,—*Peoria and Springfield Railroad Co.* v. *Thompson*, 103 Ill. 187, and *Miller* v. *Larned*, id. 562. In the former case this court held that the rule applied in *Olds* v. *Cummings* did not apply, and among other things said (p. 205): "In the case of an ordinary mortgage or deed of trust to secure a temporary loan from one individual to another, the note or evidence of the indebtedness taken at the time, although it may be negotiable, is not given for the express purpose of being put upon the market and used as a permanent investment of capital, as in the case of railroad securities; nor does the mortgagee in such case, as a general rule, rely

wholly on the security which the mortgage affords, as is always done in the case of railroad mortgage bonds." In the *Miller-Larned case* it was held that it did not apply where the mortgage was given to secure the payment of accommodation paper, for the reason that the very purpose for which such paper is given is that it may be assigned, and as it is without consideration it cannot be enforced at all between the original parties, and the application of the rule in *Olds* v. *Cummings* would defeat the security and render it nugatory in every such case. It is plain that the case at bar does not fall within the principle of either of those cases.

Nor does any ground appear upon which to base the alleged estoppel against McCormick, contended for by appellant. It is said that by McCormick's negligence in not taking up the note when he paid it he put it in the power of Haerther to perpetrate a fraud on an innocent party. But this is not a suit upon the note, but upon the deed of trust to foreclose it in equity, and it was held in *Olds* v. *Cummings* that it was the duty of the purchaser to inquire of the mortgagor if any reason exists why it should not be paid; and in *Walker* v. *Dement*, 42 Ill. 272, it is said: "To be protected the assignee must omit no duty nor fail to exercise every precaution which prudence demands of all men acting in reference to matters of moment." The purchaser knows from the papers who the mortgagor is, and may, by notice and inquiry, protect himself in making the purchase much more readily than the mortgagor may, if, for any reason, he is unable to obtain at once the cancellation and return of his obligations. The assignee is charged with knowledge of the law that a mortgage is assignable only in equity and subject to the equities between the original parties to it, and he cannot relieve himself from the consequences of his own negligence by simply showing that the mortgagor failed to take up the note and mortgage when he paid the debt to the then legal holder.

This case differs in several material respects from *Keohane* v. *Smith*, 97 Ill. 156, which made no reference to *Olds* v. *Cummings* and subsequent cases. In the *Keohane case*, while the release was obtained from the mortgagee, yet when the debt secured was paid to him he was not the holder of the note, but had assigned it to the true owner, for whom he loaned the money, and when it was paid to him he had no authority to receive it. Thus it was said by Mr. Justice DICKEY in his separate opinion in *Ogle* v. *Turpin*, 102 Ill. 148: "Where it is the duty of any one to see that commercial paper is paid, a payment to the payee not in possession of the paper will not affect the assignee. That was the case in *Keohane* v. *Smith*, and on that point that case turned." Neither was such payment in pursuance of any original contract entered into when the loan was made, as in *McAuliffe* v. *Reuter*, *supra*. See, also, *Towner* v. *McClelland*, 110 Ill. 542.

It is apparent that all that has been said in the different cases cannot be fully reconciled, but it is clear, we think, that the case at bar falls within the general principles announced by this court in *Olds* v. *Cummings* and in a long line of cases since that case was decided.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*