The Chicago Title and Trust Company

*v.*

John Aff *et al.*

*Opinion filed December 18, 1899.*

183      91
198   ¹387

183      91
104a  ¹240

1. MORTGAGES—*assignee of trust deed takes subject to existing equities.*
Mortgages and trust deeds, being choses in action, are not assignable at law, and the assignee takes them subject to defenses existing between the original parties at the time of the transfer.

2. SAME—*assignee of trust deed should make inquiries of the mortgagor.*
The assignee of a trust deed, in order to protect himself in the transaction, should inquire of the mortgagor if any reason exists why the trust deed should not be paid.

3. SAME—*what not such negligence by mortgagor and mortgagee as protects assignee.* The leaving of notes and a trust deed with the trustee for cancellation and release, preparatory to a re-conveyance, is not such negligence as may be invoked to protect a party from the consequences of his own negligence in not inquiring of the mortgagor concerning defenses to the deed, upon taking the notes and deed as collateral security from the trustee for a consideration.

*Chicago Title and Trust Co.* v. *Aff*, 84 Ill. App. 552, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

JOHN G. HENDERSON, for appellant.

ARNOLD TRIPP, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Of the errors assigned by appellant it will be necessary, in the view we take of the case, to consider only the following one, viz.: "The court should have found that the Chicago Title and Trust Company, the appellant, is the legal holder of the trust deed described in the decree, with the full right and benefit of the same as security for the notes described therein."

The facts disclosed in the record show a most flagrant case of dishonesty on the part of Theodore H. Schintz, and a violation of the confidence reposed in him by his clients, the appellees.    Appellee Aff conveyed certain real estate to his daughter, Mrs. Draut, and advanced her $8000 to improve the same, taking her note for $8000, bearing date June 20, 1893, payable to her own order and endorsed in blank, due five years after date, the interest being evidenced by ten interest notes for $200 each, payable on the 20th days of December and June in each year. To secure these notes the daughter executed a trust deed on the property to Theodore H. Schintz, conveying the same to him as trustee, which was duly recorded on the same day it was executed.    Aff, being the legal holder of the notes and trust deed, agreed with his daughter, Mrs. Draut, she being unable to pay the interest, to a reconveyance of the property to him upon his canceling the $8000 note and interest notes and paying the daughter $2000 additional.    To carry out this agreement they went to Schintz, the trustee, to procure him to draw the warranty deed and release the trust deed and cancel the notes.    The evidence shows that they went to Schintz's office the last of May or the first of June, 1894, and told him of the agreement they had made, and requested him to draw the warranty deed, cancel the notes and release the trust deed. Mrs. Draut not being able to remain long enough to have the papers drawn that day, it was arranged that she should come some other day.    Schintz, it appears, wrote her to come some time in August, but being absent from home she did not go until the 5th day of September, when the deed was executed conveying the property to her father, John Aff.    Mrs. Draut testifies Schintz was to cancel the notes and trust deed which she and her father gave Schintz, at that time.    Aff corroborates his daughter, and says he went to Schintz and told him he had agreed to take the property back from Mrs. Draut, and that he had brought the papers to him, as

Schintz had told him to, and he was to make 'the papers over to him, Aff. "The papers I took with me were the mortgage and notes and deed. He said, well, to leave these things there and to send my daughter in and he would fix it up for me. I was to leave them there and he was to fix them up, and I was to come again. I told him to cancel the notes, and I was to come later on. He made the deed from my daughter to myself. After that I went to Mr. Schintz and asked him for the papers. I was there and my daughter with me. He said I should leave everything there and he would take care of them and record them, and to come back again. I went to Mr. Schintz's office about a dozen times. Last time I was there he told me to go home and he would send me the papers. I don't know anything about the Chicago Title and Trust Company. None of the officers of the company ever gave me notice that they were going to take this note. I never saw any of them. I never gave Schintz any authority to sell this note. The first time I ever knew anything about him selling the note was when he failed, and I found out from Mr. Tripp. It was just before this suit was brought." Mrs. Draut testified she never knew of the Chicago Title and Trust Company and never knew any of its officers; that none of the officers of the company gave her any notice or told her they were about to buy this note; that she never knew anything about it until last November, when the company sent her a note to come and pay the $200 interest; that she went and saw them and told them she had nothing to do with it; that she never gave Theodore Schintz any authority to sell or dispose of that note. Appellant does not claim it gave or attempted to give any notice to Aff, the owner of the note, or to Mrs. Draut, that it was about to buy the note, and made no inquiry about the note or trust deed.

Appellant's evidence shows that Schintz deposited and pledged this $8000 note, with other notes, as collateral security for an indebtedness due appellant of about

$40,000, June 20, 1894, and shows that Schintz wrongfully appropriated the note and trust deed shortly after they were left him for cancellation. It appears that Schintz was a practicing attorney, and did a loan and brokerage business. He was a director of the Chicago Title and Trust Company, and was in the habit of making loans from the company on collaterals, and of coming to the company's place of business, from time to time, and substituting collaterals for others held by the company for loans made him; that he would get interest coupons from the company, collect the interest, and pay the interest to the trust company on the principal notes, but he never asked for the coupon notes for the Draut note. The officers of the trust company testified that they did not learn there was anything crooked in Schintz's business methods until after his failure. It does not appear, neither is it claimed, that the officers of the trust company made any inquiry of the mortgagor, Mrs. Draut, to learn whether there was any reason why the trust deed should not be paid.

It is the settled law of this State that mortgages and trust deeds, being choses in action, are not assignable at law, and the assignee takes them subject to the same defenses, as between the original parties. This rule was announced by this court in *Olds* v. *Cummings*, 31 Ill. 188, and is the settled law of this State by an unbroken line of decisions down to *Buehler* v. *McCormick*, 169 Ill. 269. Appellant's attorney admits this general rule, but claims that exceptions have been recognized to the rule by this court, and that the case at bar comes within certain cases cited as exceptions in his argument. A careful review of the cases so cited convinces us that this case comes clearly within the general rule, and not within any exception. It was held in *Olds* v. *Cummings, supra,* that it was the duty of the purchaser to inquire of the mortgagor if any reason existed why the mortgage should not be paid. In *Buehler* v. *McCormick,* 169 Ill. 269, the follow-

ing language is used (p. 275): "In *Walker* v. *Dement*, 42 Ill. 272, it is said: 'To be protected the assignee must omit no duty nor fail to exercise every precaution which prudence demands of all men acting in reference to matters of money.' The purchaser knows from the papers who the mortgagor is, and may, by notice and inquiry, protect himself in making the purchase much more readily than the mortgagor may, if, for any reason, he is unable to obtain at once the cancellation and return of his obligations. The assignee is charged with knowledge of the law that a mortgage is assignable only in equity and subject to the equities between the original parties to it, and he cannot relieve himself from the consequences of his own negligence by simply showing that the mortgagor failed to take up the note and mortgage when he paid the debt to the then legal holder."

The evidence shows that no inquiry was made of Mrs. Draut or of Aff by the officers of the Chicago Title and Trust Company. The agreement made between Aff and his daughter, Mrs. Draut, the maker of the promissory notes, for the cancellation and surrender of the notes and the deeding back to Aff by Mrs. Draut of the property and the release of the trust deed, was in equity an extinguishment of the notes. The evidence shows that Schintz pledged them as collateral after this agreement was made; that he had no interest in the notes, but unlawfully and wrongfully appropriated them to his own use without the knowledge or consent of Aff, the owner of the notes, or of the mortgagor, Mrs. Draut, and no equitable rights passed under the trust deed. As between the mortgagor, Mrs. Draut, and the mortgagee, Aff, the debt was extinguished and could not have been enforced by Aff against the mortgagor, Mrs. Draut, and appellant cannot enforce it, being only an *equitable assignee* of the trust deed, under the authorities. The case of *Buehler* v. *McCormick, supra*, is similar to the case under consideration, and it was there held that the assignee of a mort-

gage takes it subject to all equities existing between the mortgagor and mortgagee at the time of the transfer.

Appellant insists that the above rule does not apply where the party seeking it is guilty of negligence with reference to the transfer of the note. No loss could have occurred to appellant had its officers, when Schintz presented the note to them, done what the law required of them to protect appellant, and inquired of the mortgagor, Mrs. Draut, if any reason existed why the trust deed should not be paid, as held in *Olds* v. *Cummings, supra.* The title and trust company cannot relieve itself from the consequences of its own negligence by showing that the mortgagor, Mrs. Draut, failed to take up the notes when she paid them by a re-conveyance of the property to the legal holder of the notes in extinguishment of the debt. (*Buehler* v. *McCormick, supra.*) The taking of the notes and trust deed to Schintz, the trustee, for the purpose of canceling the notes and releasing the trust deed, was not such negligence as should deprive Aff of his equities as against the Chicago Title and Trust Company, the successor in trust in the trust deed, which took the notes as collateral from Schintz, the trustee, for a consideration, but without inquiry of the mortgagor. It appears in evidence that Aff made repeated efforts to secure the notes and trust deed from Schintz; that he went to Schintz's office at least a dozen times; that the last time he told him to go home and he would send them to him, but he never did, and could not, as he had wrongfully sold them to appellant.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*