## August Elser v. Charles M. Williams.

1. MORTGAGES—*Assignee Takes Subject to All Equities in Favor of the Mortgagor.*—The assignee of a mortgage takes it subject to all the equities existing in favor of the mortgagor, and upon a proceeding to foreclose said mortgage, the grantee of the mortgagor may avail himself of all equities existing at the time of the conveyance in favor of the mortgagor.

2. SAME—*Recital in Conveyance that It is Subject to an Incumbrance.*—The mere recital in a conveyance that it is subject to a certain incumbrance is not an assumption by the grantee of the payment of such incumbrance.

**Bill to Foreclose a Trust Deed.**—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed November 28, 1902

This was a bill filed June 30, 1899, by August Elser and others, to foreclose a certain trust deed, executed by James R. Young and wife, to secure a note of $1,200. The loan for which this note was given was made by the firm of E. S. Dreyer & Company to James R. Young, he being given credit upon the books of the firm for $1,200, and charged with money from time to time by it paid to him.

It appears that the total amount received by him on account of this loan was $772.22. The note and trust deed were sold by Dreyer & Company to August Elser, appellant. About the time the first interest notes given upon the loan matured, namely, May 6, 1897, James R. Young and wife conveyed the property covered by the trust deed to one John C. Young. The conveyance recited that it was made " subject to one trust deed to Robert Berger, trustee, dated December 3, 1896, for $1,200, with interest at six and one-half per cent per annum, payable semi-annually, principal being due five years from the date thereof."

John C. Young retained the property until May 4, 1899, during which time four interest coupons matured and were paid in full. On the date last mentioned John C. Young and wife conveyed the mortgaged real property to Charles M. Williams; the conveyance recited that it was " subject to one trust deed to Robert Berger, trustee, dated Decem-

·ber 3, 1896, for $1,200, with interest at six per cent per annum, payable semi-annually, principal being due five years from the date thereof, and also subject to the taxes of 1898 and 1899, and the accrued interest on a loan of $1,200 from December 3, 1898."

Upon the hearing, Williams testified that the purchase price of the property bought by him was $2,500, of which he paid $2,000 and assumed an incumbrance of $500; that John C. Young told him at the time of the conveyance that there was but $500 due on the said incumbrance; that that was all he intended to pay and that was all he, Williams, would have to pay.

E. S. Dreyer & Company having failed, James R. Young filed a claim with the receiver of E. S. Dreyer & Company against their estate for the balance of the money unpaid on his account with E. S. Dreyer & Company. Appellant insists that Williams is bound by the recitals heretofore mentioned in the deeds by which he acquired title to the premises, and is also concluded by the filing by James R. Young against the estate of E. S. Dreyer & Company of a claim for the credit appearing on the books of Dreyer & Company on account of said loan, being the difference between $1,200 credited to him, and $772.22 charged to him; and that consequently the court should have given to him, appellant, a decree for the full amount of the loan as evidenced by the note given therefor for $1,200, together with interest thereon, less the amounts which have been paid.

Appellee insisted that he was entitled to maintain any defense which could have been set up by his grantor at the time the purchase was made from him. The court sustained the principal contentions of appellee and entered a decree finding that there was due upon the loan of $1,200, $896.92.

JOHN H. ROLLINS, attorney for appellant.

BARKER & CHURCH, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

The assignee of a mortgage takes it subject to all the

equities existing in favor of the mortgagor, and upon a proceeding to foreclose said mortgage, the grantee of the mortgagor may avail himself of all equities existing at the time of the conveyance in favor of the mortgagor. Olds v. Cummings, 31 Ill. 188–191; McCormick v. Buehler, 67 Ill. App. 73–76; same case, 169 Ill. 269–275; Chicago Title & Trust Co. v. Aff, 183 Ill. 95.

The evidence does not show that either John C. Young or appellee assumed the payment of the mortgage in question. The mere recital in a conveyance that it is subject to a certain incumbrance is not an assumption by the grantee of the payment of such incumbrance. Crawford v. Nimmons, 180 Ill. 144–147.

It does not appear that the incumbrance was deducted from the consideration of the conveyance to James R. Young, while it does appear that John C. Young, the grantor of appellant, before the conveyance to him, told him that there was but $500 owing upon the incumbrance and that was all he, Williams, would have to pay. The fact that James R. Young, the maker of the note, who obtained the loan from Dreyer & Company, filed with the receiver of their insolvent estate a claim for the amount standing to his credit upon their books, does not conclude appellant. It does not appear that James R. Young has received anything upon such claim or that it is of any value.

Should James R. Young, upon the claim by him filed against the insolvent estate of Dreyer & Company, appear likely to receive something thereon, it may be that appellant can successfully intervene in the proceedings against the insolvent estate of E. S. Dreyer & Company, and have paid to him any dividend which may be declared upon the claim of James R. Young filed against such estate, because the note made by James R. Young is the foundation of the credit standing to him on the books of said firm, and that note is held by appellant and has not been paid.

We find in the decree of the Superior Court no error warranting a reversal thereof, and it is affirmed.