(*Superior Court of Cook County. In Chancery.*)

## Arthur H. Chetlain, et al.

### vs.

## Guiseppe De Grazie, et al.

(January 7, 1907.)

1. TRUST DEED—ASSIGNEE OF—SUBJECT TO EQUITIES. The assignee of a mortgage or trust deed takes it subject to existing equities between mortgagor and mortgagee. (See note.—Ed.)

2. SAME—NOTICE TO GRANTOR. The assignee of a mortgage or trust deed in order to protect his rights against secret equities between mortgagor and mortgagee, must give notice to the grantor in such mortgage. (See note.—Ed.)

3. SAME—PAYMENTS TO TRUSTEE IN TRUST DEED. Payments made to trustee by the mortgagor before maturity without notice from the holder of the note secured by such trust deed, will be applied as a credit on such note, in a bill to foreclose the trust deed.

4. DEBTOR AND CREDITOR—CREATING RELATION BETWEEN TRUSTEE AND MORTGAGOR BY RECITALS IN RECEIPT FOR MONEY. A trustee by accepting payments on account of an indebtedness secured by a trust deed cannot create the relation of debtor and creditor between himself and the mortgagor by recitals in receipts given on account of such indebtedness.

5. NOTICE OF TRANSFER OF NOTE SECURED BY TRUST DEED—SUFFICIENCY OF. A general notice from the holder of a note secured by a trust deed to pay a negotiable interest coupon to him is not a sufficient notice that he is also the holder of the principal note.

6. MASTERS IN CHANCERY—SUCCESSORS OF—APPOINTMENT OF SPECIAL COMMISSIONER. The court has the power to appoint a special commissioner to complete the unfinished business of a master in chancery where the term of office of such master has expired even though his successor has been appointed.[1]

Bill to foreclose trust deed. Cross bill to cancel same. Heard on exceptions to master's report before Judge Willard M. McEwen. Superior court Gen. No: 231,730.

Statement of facts.

A bill was filed August 17, 1903, to foreclose a trust deed for $1,200 made by De Grazie September 18, 1899. The de-

[1] But see *McLain v. People*, 85 Ill. 205.—Ed

fendant answered the bill and filed a cross bill against the complainant to cancel a prior trust deed for the sum of $1,400 made September 22, 1894, and also a prior trust deed for the sum of $200 dated April 29, 1895, and also a trust deed for the sum of $200 dated September 18, 1899, made contemporaneously with the trust deed the complainants sought to foreclose. The cause was referred to Master in Chancery G. Fred Rush to take proofs and report his conclusions both as to the law and the facts to the court. The facts as disclosed by the report showed the following: The defendant De Grazie was an Italian immigrant who could neither read nor write and hardly understood the English language. On September 22, 1894, he applied to one Herman B. Wickersham, a lawyer and real estate and loan agent in the city of Chicago, for a loan of $1,400 and gave as security a trust deed upon certain real estate in Chicago. The trust deed matured five years after date. On April 29, 1895, the defendant De Grazie applied for a further loan of $200 and gave as security a second trust deed upon the same real estate, maturing three years after date. De Grazie made payments upon these loans from time to time and on September 18, 1899, the $200 note secured by the second trust deed had been paid but the trust deed had not been released. On the latter date De Grazie executed two trust deeds, one for the sum of $1,200 and the other for the sum of $200 in place of the $1,400 trust deed of September 22, 1894. In 1889 De Grazie had purchased the mortgaged premises from Wickersham and had paid the purchase price thereof in small installments from time to time as he was able to do. These payments were made prior to 1894. Wickersham was the trustee in each of the trust deeds. After the execution of the two trust deeds in September, 1899, De Grazie made an agreement with Wickersham that he might make payments on his indebtedness in small installments as he was able and as he had done in his previous dealings with Wickersham. De Grazie or some member of his family made payments upon the principal and in addition paid the interest upon both loans as the same matured. The evidence disclosed that De Grazie made the various payments at the office of

Wickersham and in each instance received a receipt in the following form:

"Received of Joe De Grazie $100 on which I agree to pay interest at 7 per cent per annum.  Also received $2.00 interest to date.

"HERMAN B. WICKERSHAM,"

The bill was filed to foreclose the trust deed of September 18, 1899, for the sum of $1,200.  The evidence disclosed that De Grazie had up to the date of the filing of the bill, paid upon the entire indebtedness of $1,400 the sum of $1,000 and all the interest accruing up to the time of the filing of the bill.  De Grazie had no notice of any kind at the time of the making of the various payments to Wickersham that any person other than Wickersham was the owner or holder of any of the notes secured by the various trust deeds.  On September 15, 1902, however, De Grazie received a letter from Frank E. Hayner, the former partner of Wickersham, which letter was as follows:

"Mr. Guiseppe De Grazie,
          "856 W. Huron St.,
                    "Chicago.
"Dear Sir:

"Your semi-annual interest on loan of $1,200, such interest amounting to $36, is due and payable at my office on Thursday, the 18th inst., on or before which day call and pay the same.

"FRANK E. HAYNER."

On September 18, 1902, De Grazie went to the office of Wickersham with the letter received from Hayner, and being unable to read the same showed it to Wickersham.  Wickersham tore the letter open and threw it into the waste basket and told De Grazie to pay him (Wickersham).  De Grazie thereupon paid him the interest and $200 on account of the principal and received a receipt in the form above described.  The evidence disclosed that Wickersham remitted the full amount of the interest due on September 18, 1902, to the

complainant who was the owner of the interest note. In November, 1902, Wickersham became insolvent, fled the country and became a fugitive from justice. A large number of indictments for embezzlement were thereafter returned against Wickersham. The complainants showed that the notes secured by the trust deeds were transferred to them shortly after the execution of the trust deeds. It was contended by the complainants that the payments made by De Grazie to Wickersham should not be credited upon the notes secured by the several trust deeds for the reason that the complainants were the owners of the notes and Wickersham had no authority to receive any part of the principal of the debt. It was also contended that the letter sent by Hayner to De Grazie on September 15, 1902, was notice to De Grazie that Wickersham was not the owner of the notes secured by the trust deeds. The cause came before the court on exceptions to the report of G. Fred Rush, who was appointed a special commissioner after his term of office as master in chancery had expired. The court held that an assignee of a trust deed or mortgage takes the same subject to existing equities between the mortgagor and the mortgagee; that the assignee of a mortgage or trust deed, in order to protect his rights against secret equities between mortgagor and mortgagee, must give notice to the grantor in the mortgage that he is the owner and holder of the note; that in the absence of such notice, payments made to the trustee in the mortgage before maturity, will be applied on the note so secured in a bill to foreclose the trust deed. It was also held that the notice from Hayner to pay the interest due to him was not a sufficient notice that he was the owner or holder or the agent of the owner or holder of the principal notes.

After the proofs before the master had been closed and before he had made up his report, the master's term of office expired by its own limitation. The defendants contended that under the statute of Illinois (vol. 2, Starr & Curtis Rev. Stat., chap. 90, sec. 8) the unfinished business of such master should be completed by his successor in office without an order of court. The court, however, appointed the master before

whom the evidence had been heard, a special commissioner to complete his report.

The following decree was entered by the court:

This cause coming on to be heard upon the bill of complaint of the said complainants, Arthur H. Chetlain, successor in trust of the trust deed dated the 18th day of September, 1899, and recorded in the recorder's office of Cook county, Illinois, on November 3rd, 1899, in book 6,796 of records on page 271 as document number 2,839,130, and Alice A. Havemeyer and the answers of Guiseppe De Grazie, Rocella De Grazie, James Baraglia and Samuel H. Pratt and the joint and several answer of Frank E. Hayner, successor in trust to the trust deed dated September 22nd, 1894, and recorded in the recorder's office of Cook county, Illinois, in book 4,571 of records at page 570, Arthur H. Chetlain, successor in trust in the trust deed dated the 18th day of September, 1899, and recorded on the 3rd day of November, 1899, in the recorder's office of Cook county, Illinois, in book 6,796 of records at page 273 thereof and upon the respective replications of complainants thereto, and also upon the cross-bill of complaint of Guiseppe De-Grazie and Rocella C. De Grazie, cross complainants, and the cross answers of James Baraglia and Samuel H. Pratt and upon the joint and several answers of Arthur H. Chetlain, successor in trust in the trust deed dated September 18, 1899, and recorded in the recorder's office of Cook county, Illinois, on book 6,796 at page 271 and Alice A. Havemeyer and the joint and several answers of Frank E. Hayner, successor in trust in the trust deed Sept. 22, 1894, and recorded in the recorder's office of Cook county, Illinois, in book 4,751 at page 570 thereof, and Arthur H. Chetlain, successor in trust in the trust deed dated Sept. 18, 1899, and recorded in the recorder's office of Cook county, Illinois, in book 6,796 at page 273 thereof, to the cross-bill of Guiseppe De Grazie and Rocella C. De Grazie, and upon the respective replications of the cross-complainants thereto, and upon the proofs and exhibits herein, and the report of G. Fred Rush, special commissioner of this court, and upon the exceptions of Guiseppe De Grazie and Rocella C. De Grazie to said special commissioner's report and

upon exceptions of Arthur H. Chetlain and Alice A. Have-meyer to said special commissioner's report, and it appearing that all the parties have filed their respective answers to the bill and cross-bill herein and are properly before the court. The court finds that it has jurisdiction of the subject matter and of the parties hereto, and that the bill of complaint and cross-bill of complaint are at issue.

The court further finds that the $200 promissory note described in the bill and cross-bill of complaint dated April 29, 1895, secured by trust deed of same date upon lot sixty-four (64) in the resubdivision of block three (3) in Wright and Webster's subdivision of the northeast quarter (N. E. 1-4) of section twelve (12) township thirty-nine (39) north range thirteen (13) east of the third principal meridian (except the east sixty-seven (67) feet of said block) together with all buildings and improvements thereon and to be thereafter placed on, has been paid in full and should be released and satisfied of record.

The court further finds that the $1,400 promissory note described in the bill and cross-bill of complaint, dated September 22, 1894, and secured by trust deed upon said premises hereinbefore described has been fully paid and satisfied by the receipt and acceptance of a $1,200.00 note dated September 18, 1899, which was given for and accepted by said complainant in satisfaction of the balance remaining due on said $1,400 note at the time of the delivery of said $1,200 note, should be released and satisfied of record.

The court further finds that the promissory note for $200 dated September 18, 1889, secured by trust deed upon said premises hereinbefore described and known as the James Baraglia note herein has been paid in full, and that said trust deed should be released and satisfied of record.

The court further finds that the $1,200 promissory note described in the bill and cross-bill of complaint dated Sept. 18, 1899, held by defendant Samuel H. Pratt, is without any consideration as to complainants and defendants herein, and is a forgery and is null and void.

The court further finds that the defendant Guiseppe De

Grazie and Rocella C. De Grazie are entitled in equity to a credit of $800 on the $1,200 promissory note described in the bill and cross-bill of complaint held by complainant Alice A. Havemeyer, dated September 18, 1899, and secured by trust deed upon the premises hereinbefore described.

The court further finds that complainants exceptions to said special commissioner's report are not well taken and should be overruled.

The court further finds that the exceptions of Guiseppe De Grazie and Rocella C. De Grazie to said special commissioner's report are well taken and should be sustained except as to exceptions 3, 6, 12, 13, 15, 20, 21 and 22, and as to those exceptions the same should be overruled.

The court further finds that the said payments aggregating $800 on said $1,200 note were payments made to Herman B. Wickersham, the trustee in the various trust deeds hereinbefore described; that said payments were made by the defendant De Grazie or some member of his family to said Wickersham without any notice whatsoever from the legal holder and owner of the various notes secured by said trust deeds hereinbefore described, and were rightly and properly made to said Herman B. Wickersham.

The court further finds that the complainant, Alice A. Havemeyer, the owner and holder of said $1,200 promissory note dated September 18, 1899, has received the full interest on the principal sum up to September 18, 1902, from said Herman B. Wickersham, the trustee in the various trust deeds hereinbefore described, and that complainant, Alice A. Havemeyer has received as interest on the said promissory note for $12,000, dated Sept. 18, 1899, the sum of $216 and that said complainant was entitled to receive only the sum of $184.90 as interest for the reason that the principal amount had been reduced from time to time, and that by reason of such excess, the entire interest on the said note up to the 1st day of January, 1904, has been paid.

The court further finds that the defendants, Guiseppe De Grazie and Rocella C. De Grazie were not in default in the payment of either the principal or interest at the time the bill was filed in this case, to-wit: August 17, 1903.

The court further finds that complainants bill to foreclose said trust deed was prematurely filed, and that none of the material allegations in said bill have been proven, and that said bill is without equity.

The court further finds that the defendants, De Grazie and Rocella C. De Grazie are now indebted to the complainants in the sum of $14.00 for insurance placed upon said premises together with seven per cent. interest thereon from the 12th day of November, 1903, to date, in accordance with the provision of said trust deed sought to be foreclosed.

The court further finds that the defendants De Grazies are indebted to the complainants in the sum of $400 with interest thereon from the 1st day of January, 1904, to the date of this decree at seven per cent. per annum from which amount must be deducted the sum of $78.10 special commissioners' fees paid in this case by said defendants DeGrazies and also the sum of $3.00 appearance fees paid in this case by said defendants De Grazies.

The court further finds all the material allegations in the cross-bill of complaint are true and have been proven; that the equities in this case are in favor of cross-complainants.

It is further ordered, adjudged and decreed that the exceptions of Guiseppe De Grazie and Rocella C. De Grazie to said special commissioner's report be and they are hereby sustained except as to exceptions 3, 6, 12, 13, 15, 20, 21 and 22 and as to those exceptions each and every of the same is hereby overruled.

It is further ordered, adjudged and decreed that the complainants' bill of complaint be and the same is hereby dismissed for want of equity at the costs of complainants herein.

It is further ordered, adjudged and decreed that complainants' exceptions to said special commissioner's report be and the same are hereby overruled.

It is further ordered, adjudged and decreed that defendants De Grazies are indebted to said complainant, Alice A. Havemeyer in the sum of $400 together with interest thereon from the 1st day of January, 1904, to date of this decree upon a promissory note for $1,200 dated September 18, 1899, secured by a trust deed upon the premises hereinbefore described, and

are also indebted to said complainant Alice A. Havemeyer, the sum of $14.00 for insurance together with interest thereon at seven per cent. from the 12th day of November, 1903, to the date of this decree from which sums must be deducted the sum of $78.10 special commissioner's fees paid in this case by said defendants De Grazies and also the further sum of $3.00 appearance fees paid in this case by said defendants De Grazies. And that upon said defendants Guiseppe De Grazie and Rocella C. De Grazie or either of them paying to the said Alice A. Havemeyer said sums after said deductions as aforesaid, that said Arthur H. Chetlain, successor in trust, shall execute and deliver to said Guiseppe De Grazie and Rocella C. De Grazie a good and sufficient release deed of said trust deed dated Sept. 18, 1899, upon said defendants De Grazies paying to said Arthur H. Chetlain, successor in trust, his reasonable fee therefor.

It is further ordered, adjudged and decreed that said promissory note for $200, dated Sept. 18, 1899, has been paid in full, said note is known as the "Baraglia promissory note," that said Arthur H. Chetlain successor in trust of said trust deed dated Sept. 18, 1899, securing said promissory note of even date for $200, known as the Baraglia promissory note herein shall execute and deliver to said defendants De Grazies, a good and sufficient release deed of said trust deed, dated Sept. 18, 1899, upon said defendants paying to said Arthur H. Chetlain, successor in trust his reasonable fee therefor.

It is further ordered, adjudged and decreed that said promissory note for $1,400, dated Sept. 22, 1894, has been paid in full and that Frank E. Hayner, successor in trust in said trust deed dated Sept. 22, 1894, securing said promissory note of even date for $1,400, shall execute and deliver to said Guiseppe De Grazie and Rocella C. De Grazie a good and sufficient release deed of said trust deed dated, Sept. 22, 1894, upon said defendant paying to said Frank E. Hayner, successor in trust, his reasonable fee therefor.

It is further ordered, adjudged and decreed that said promissory note for $200, dated April 29, 1895, has been paid in full and that said Arthur H. Chelain, successor in trust, of said trust deed, dated April 29th, 1895, securing said promis-

sory note of even date for the sum of $200, shall execute and deliver forthwith to said Guiseppe De Grazie and Rocella C. De Grazie a good and sufficient release deed of said trust deed, dated April 29th, 1895, upon said defendants paying to said Arthur H. Chetlain, successor in trust, his reasonable fee therefor.

It is further ordered, adjudged and decree that the promissory note held by defendant Samuel H. Pratt, is without consideration as to the complainants and defendants herein and is a forgery and is null and void.

·*Frank E. Hayner,* solicitor for complainants.

*Carey W. Rhodes,* solicitor for De Grazie *et al.* defendants and cross-complainants.

*Morris St. P. Thomas,* solicitor for Samuel H. Pratt, defendant.

*Donald L. Morrill,* solicitor for James Baraglia, defendant.

### NOTE.

#### I.

The assignee of a mortgage or a trust deed takes it subject to existing equities between the mortgagor and the mortgagee. *McAuliffe v. Reuter,* 166 Ill. 491; *Buehler v. McCormick,* 169 Ill. 269; *Olds v. Cummings,* 31 Ill. 188; *Chicago Title & Trust Co. v. Aff,* 183 Ill. 91; *Bouton v. Cameron,* 205 Ill. 50; *S. C.* 72 App. 264; *Elser v. Williams,* 104 Ill. App. 238; *Romberg v. McCormick,* 194 Ill. 205; *Napieralski v. Simon,* 198 Ill. 384; *Humble v. Curtis,* 160 Ill. 193; *Thompson v. Shoemaker,* 68 Ill. 256; *Summer v. Waugh,* 56 Ill. 531; *Sroelowitz v. Schultz,* 86 Ill. App. 341.—Ed.

#### II.

The assignee of a trust deed or mortgage in order to protect his rights must give notice to the grantor. *Napieralski v. Simon,* 198 Ill. 384; *McAuliffe v. Reuter,* 166 Ill. 491; *Sheldon v. McNall,* 89 Ill. App. 138; *Buehler v. McCormick,* 169 Ill. 269; *Williams v. Pelley,* 96 Ill. App. 346; *Sroelowitz v. Schultz,* 191 Ill. 249; *S. C.* 86 Ill. App. 341.—Ed.