## Shelton C. Burr, Appellant, v. Ednah J. Tobey et al., Appellees.

## Gen. No. 17,555.

1. CONFLICT OF LAWS, § 24*—*what law governs as to validity of a married woman's contract.* A note and a trust deed executed by a married woman and valid under the laws of this State are not rendered invalid by the fact that such note was signed and indorsed, and such trust deed signed and acknowledged, in a foreign State, it appearing that the transaction was one by a resident of this State merely transiently out of Illinois, and was made entirely with a view to the law of this State.

2. MORTGAGES, § 175*—*what defenses are available against the assignee of a mortgage.* Any defense which is good against the

original holder of a mortgage or mortgage trust deed is good against the assignee in an action to foreclose.

3. HUSBAND AND WIFE, § 156*—*when accommodation note and trust deed of wife are valid.* Where a wife executes a note and a trust deed for the accommodation of her husband, such note and mortgage are valid and enforceable in the hands of anyone who has given value for it, or the assignee of such party, and the fact that the wife was induced to execute the note and trust deed by the false representations of her husband does not render the transaction void.

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded with directions. Opinion filed October 13, 1913. Rehearing denied October 27, 1913.

BRYAN, DUVAL, MCCORMICK & WILBER, for appellant.

SAMUEL B. KING and GEORGE R. MITCHELL, for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal by Sheldon C. Burr from a decree of the Circuit Court dismissing for want of equity the amended bill in chancery of Sheldon C. Burr and Wm. E. Church, Trustee, against Ednah J. Tobey and Charles H. Tobey, and granting relief on a cross-bill in the same suit filed by Ednah J. Tobey against Shelton C. Burr, William E. Church as Trustee and Charles H. Tobey, her codefendant in the original bill.

Ednah J. Tobey was at one time the wife of Charles H. Tobey, but at the time the bill and cross-bill were filed had been divorced from him. The original bill prayed the foreclosure of a trust deed dated March 11, 1905, from Ednah J. Tobey and Charles H. Tobey, her husband, of certain real estate in Chicago, with connected improvements, fixtures and appurtenances, to secure a note of five thousand dollars, which the bill alleged was held by Shelton C. Burr and had become due and payable. The cross-bill filed by Ednah J. Tobey prayed for the cancellation and discharge of said

trust deed and the lien it purported to give, and an injunction against any attempt to enforce said trust deed or to assert a lien upon her property, real or personal. The decree granted the injunction prayed for and declared the trust deed cancelled and "of no effect or validity as against the property therein described or as against the said Ednah J. Tobey or any person claiming by, through or under her, or in favor of any person being or claiming to be an assignee thereof." It was also ordered that the note and trust deed be surrendered to the clerk of the court to be by him marked:

"Cancelled by order of the Circuit Court of Cook County. Entered January 4, 1911, in the case of Burr v. Tobey. General No. 268510."

There was also an order in the decree adjudging all the costs in the cause against Shelton C. Burr and in favor of Ednah J. Tobey.

There is much in the record and in the arguments in this case which in the view we take of it is immaterial. Of those questions which seem to us controlling, the first is as to the validity of the note and trust deed as against the appellee Ednah J. Tobey. It is insisted by her that they are invalid because signed and acknowledged by her in Florida while she was a *feme covert*. The law of Florida, it is said, must, in the absence of any showing to the contrary, be presumed to be the common law; and by the common law the note in question, being an executory contract, was not within the power of a married woman to make, while the trust deed was a mere incident of the contract of indebtedness. The court below in its decree adopted and affirmed this proposition. To sustain the premises of the argument in favor of this theory of the law many authorities are cited, and several discussed, by counsel for Ednah J. Tobey, appellee, but we do not think them properly applicable to this case.

The note in question was dated "Chicago, Illinois, March 11, 1905." It was signed by Ednah J. Tobey,

who promised thereby to pay to the order of herself five thousand dollars with interest, etc., five years after date, at the office of William E. Church in Chicago, Illinois. The note recited that its payment was secured by a trust deed of even date on real estate in Cook County, Illinois, to William E. Church, Trustee. It was indorsed in blank by Ednah J. Tobey.

The trust deed begins: "This indenture made this eleventh day of March, 1905, between Ednah J. Tobey and Charles H. Tobey, her husband, both of Chicago, Cook county, Illinois, hereinafter styled the party of the first part, and William E. Church of the County of Cook and State of Illinois as Trustee:" It conveys in trust to secure the before described note, real estate "lying and being in the City of Chicago, County of Cook and State of Illinois," and is signed and sealed by Ednah J. Tobey and Charles H. Tobey. Ednah J. Tobey acknowledged the deed, as appears by the certificate of a notary public in the county of Dade in the State of Florida, March 15, 1905. Charles H. Tobey acknowledged it in Cook county, Illinois, on March 20, 1905, and it was filed for record in the recorder's office of Cook county on March 20, 1905.

The note and trust deed were signed by Ednah J. Tobey in Florida at the date of acknowledgment of the trust deed by her. At that time Ednah J. Tobey was the wife of Charles H. Tobey and their relations were cordial. They resided together in Chicago, Illinois, in a house on the property conveyed by the trust deed. With her mother, and apparently at her mother's invitation and accompanied by her children, she had in February, according to her own testimony, but according to her mother's more definite recollection, about March 5th or 6th, reached Cocoanut Grove in Florida, a winter resort, for a winter "outing," maintaining, as she herself testified, her house in Chicago meanwhile. She returned to Chicago and her home about the first of May, having previously left Florida for some place in "the mountains." Her stay in Florida

was plainly that of a transient tourist. She signed and indorsed the note and signed and acknowledged the trust deed because her husband sent them to her in a letter, saying that he wished her to do so in order that five thousand dollars might be borrowed for his benefit from an Illinois estate of which he was trustee and active manager. The title to the real estate was in her.

There is no case of which we know that under these circumstances holds such a note and trust deed subject as to its validity, force and effect to the law of the locality where the mere manual attachment of a signature and the deposit in the mails of the signed document are made. It is true that when it becomes important to decide when or where the acceptance of a commercial proposal is made, the delivery of such an acceptance to the mails, the common agent of all, is held to be a delivery to the offerer. But this doctrine has no relation to the present case. Nor, to take the strongest of the authorities cited by the appellee's counsel, can *Forsyth v. Barnes,* 228 Ill. 326, in which the Supreme Court of Illinois held that a note and warrant of attorney executed in Ohio by a woman during coverture were void, be said to go so far as to imply the invalidity of a note and deed executed under circumstances like those presented in this case. In *Forsyth v. Barnes* it is indeed said that "In view of the fact that appellants were sued in Cook county and there is nothing in the record to indicate that their domicile is elsewhere, it must be presumed that Cook county is the domicile of Anna M. Forsyth," and that "The general rule of law is, that as between the law of the place where a contract is made and of the place where the married woman is domiciled, her capacity to make a contract is governed by the former and not by the latter;" but it is markedly made a ground of the decision that the note in question was payable in Ohio, that is, that the contract was not only made "but to be performed" in Ohio.

In the case at bar the transaction was one by a resident of Illinois merely transiently out of Illinois; was uncompleted until the delivery at Chicago of the money from the estate for whatever purpose it was used; was to be performed by payment in Illinois, and conveyed Illinois land to a resident of Illinois. It was made entirely with a view to the law of Illinois and as is aptly quoted by appellant's counsel from Lord Mansfield in *Robinson v. Bland,* 2 Burr. 1077; "The law of the place can never be the rule where the transaction is entered into with an express view to the law of another country as the rule by which it is to be governed." In view of what we hereinafter hold as to the note and trust deed being accommodation paper, we call attention to the rule stated with citation of authority in the article on "Accommodation Paper" (1 Amer. & Eng. Ency. of Law, 342, note 2), that where an accommodation indorsement is made in one State to be used in another, the law of the second State governs.

We do not think the note or trust deed invalid because signed by Mrs. Tobey in Florida.

Much attention is paid in the argument here, as there was in the trial in the court below, to the question whether Shelton Burr may be considered an innocent purchaser from the Ludington estate of the note secured by the trust deed sought to be foreclosed. This question of course might be of controlling importance in determining whether the relief granted on the cross-bill cancelling and ordering the note delivered up was proper, but in the antecedent and paramount issue of whether foreclosure of the trust deed should be decreed it is not a factor. The law is settled in Illinois that any defense which is good against the original holder of a mortgage or mortgage trust deed is good against the assignee in an action to foreclose. *Olds v. Cummings,* 31 Ill. 188; *McAuliffe v. Reuter,* 166 Ill. 491; *Buehler v. McCormick,* 169 Ill. 269; *Bouton v. Cameron,* 205 Ill. 50.

And while the note might be good in the hands of an

innocent purchaser, although the security was not, and the relief decreed on the cross-bill therefore erroneous, even though the original bill was properly dismissed, yet if the original bill were improperly dismissed all relief on the cross-bill must of necessity be denied.

In the view that we take of the case it becomes consequently entirely unnecessary to consider or discuss the very unsatisfactory and confused condition of the evidence concerning the consideration for, and the circumstances of, the alleged assignment of the note from C. H. Tobey as trustee of the Ludington estate to Shelton Burr, the appellant.

If the security was good as against Ednah J. Tobey in the hands of Tobey as trustee of the Ludington estate it is good in the hands of the actual holder by delivery, who brings it into court, and may be foreclosed, leaving all question of consideration and transfer between the Ludington estate and Burr to be settled between them. We think it was good, not as the counsel for appellee states the contention of the appellant, because C. H. Tobey as trustee of the Ludington estate was a purchaser of the note from C. H. Tobey individually, and not therefore chargeable as trustee with notice or knowledge of a want of consideration, which as an individual he knew existed, but because the note and collateral thereto was accommodation paper so far as Ednah J. Tobey was concerned. Neither note nor trust deed can, in our opinion, be successfully defended against by her for want of consideration between her and C. H. Tobey as an individual, or for any misrepresentation which he may have made to her as to the purposes, for which he desired five thousand dollars from the Ludington estate, if she made the papers at his request with the avowed purpose of securing from the Ludington estate five thousand dollars, and therefore for his accommodation. *Miller v. Larned,* 103 Ill. 562.

Deplorable as may have been the conduct of her husband in falsifying his needs, if he did so, doubly de-

plorable because of the subsequent condition of legal separation, there is nothing in the evidence which shows that she did not thus make the papers for the purpose and with the intent described.   Mrs. Tobey alleges and may be considered to have satisfactorily proved that, in asking from her for his accommodation the execution of the note and trust deed, Charles H. Tobey treated her under the circumstances dishonorably and lied to her concerning his pecuniary position, but this was not that kind of "fraud or circumvention" in obtaining the execution of the instruments which make them void.   Between the Ludington estate and Ednah J. Tobey, a full consideration passed.   The notes and trust deed which were transferable by delivery went to the estate for five thousand dollars and five thousand dollars came from the funds belonging to the beneficiaries of that estate and went for the accommodation of Charles H. Tobey.   That was exactly what Ednah J. Tobey, led, as she says and proves, by her affection for her husband and by his false statements to her about the pecuniary stress that he was under, intended should happen.   The action on her part was purely for his accommodation and at his request, which distinguishes it entirely from the cases cited by the appellee from New Jersey, Maryland and Missouri, where mortgages were set aside which had been obtained from a wife by creditors of a husband through their active and false representations.   In the case at bar there was no pressure put on Ednah J. Tobey from the Ludington estate or from any other source, nor any false representation made to her except by her husband, for whose accommodation she, unfortunately for herself, as things turned out, sacrificed property standing in her name.   And in the hands of anybody who has given value for it, or the assignee of such party, not only an accommodation note, but also the mortgage which secures an accommodation note, is valid and enforceable.   As our Supreme Court says in *Miller v. Larned,* 103 Ill. 562 (p. 580):   "Any applica-

tion of the doctrine of *Olds v. Cummings* [*supra*] to the maker of a mortgage to secure accommodation paper, would be to make a most equitable and reasonable doctrine the means of enabling a party to perpetrate a great wrong on another.''

In the divorce decree between Ednah J. and Charles H. Tobey it was provided that Charles H. Tobey should assume the payment of the mortgage herein sought to be foreclosed. This doubtless gave enforceable rights to Ednah J. Tobey against Charles H. Tobey for any loss which she might suffer through foreclosure, but it did not abridge the rights of the Ludington estate or of a subsequent holder of the note and trust deed.

We feel obliged to reverse the decree of the Circuit Court as an entirety and to remand the cause with instructions to that court to enter a decree of sale upon the original bill and dismiss the cross-bill for want of equity.

*Reversed and remanded with instructions.*